UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Macquarie Bank Limited and Macquarie Americas Corp., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 4:08-CV-00048-DLH-CSM |
| Bradley D. Knickel, LexMac Energy, L.P., Lexar Energy, Inc., Novus Operating Company, LP, KHL, Inc., and Mineral Land Services, Inc., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## AGREED PROTECTIVE ORDER

To facilitate discovery and protect the interests of the parties to this litigation (the "Litigation") in the confidentiality of trade secrets and proprietary, competitive, or other business or financially sensitive matters contained in certain documents and other anticipated discovery, and to eliminate the need for repeated requests that the Court become directly involved in the discovery process between the parties, the Court enters this Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

The Court has considered the parties' respective motions for entry of an order respecting confidentiality and finds that good cause exists for the entry of this Order in that the parties possess certain trade secrets, confidential and proprietary business and financial data, and personal information that may be disclosed in this action.

1

**IT IS, THEREFORE, ORDERED** that all persons receiving documents or information in this Litigation shall be bound by the terms of this Order. **IT IS FURTHER ORDERED** that the documents and information produced in this action shall be subject to the following terms and conditions:

1. **Scope.** For the purposes of this Order, "Confidential" information means information of any type, kind, or character designated as such pursuant to paragraph 2 of this Order by the party supplying the information or by any person who has a legal or practical interest in the confidentiality of the information produced. "Confidential" information may be contained in documents produced, testimony provided in depositions, exhibits, interrogatory answers, responses to requests for admission, or otherwise.

The disclosing party shall designate as "Confidential" information only those materials which it reasonably believes contain confidential, competitive, sensitive, and/or proprietary information. A party shall designate as "Confidential" only materials which that party in good faith believes constitute information that is not generally known, which the party would normally not reveal to third parties or would cause third parties to maintain in confidence, or information the disclosure of which the disclosing party, in good faith, believes would likely result in competitive harm to that party. The provisions of this Order with respect to "Confidential" information shall not apply to information that was, is, or becomes accessible to the public or which is obtained by the opposing party through independent means.

2.     **Designation of "Confidential" Information.**  Documents produced and exhibits used by a party may be designated as "Confidential" information by marking each page of each such document "Confidential" as follows:

**"CONFIDENTIAL"**

Rather than mark the original document, the designating party may mark the copy that is exchanged.  In the case of protected information that is disclosed in a non-paper medium, *e.g.*, videotape, computer disks, etc., by affixing the legend "Confidential" conspicuously to the outside of the medium or its container.

3.     **Inadvertent Production.**  The inadvertent disclosure/production of any privileged material in connection with this lawsuit shall not be deemed a waiver of that privilege, or to preclude reliance on that privilege, with respect to that material, or any other material, provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent disclosure/production.  Such inadvertently produced material and all copies thereof shall promptly be returned to the producing party upon request.  No use shall be made of such material other than to challenge the propriety of the asserted privilege, nor shall they be shown to anyone who has not already been given access to them subsequent to the request to return them.

The limited inadvertent disclosure of any "Confidential" Material shall not be grounds for objecting to its treatment as "Confidential" Material, if such treatment is appropriate to protect the remaining confidentiality of the Material.

4.     **Depositions.**  Information disclosed at a deposition of a party or at the deposition of any other witness may be designated as "Confidential" information by indicating on the record at the deposition that the testimony contains "Confidential" information and is subject to the

provisions of this Order. No person shall be present during any portion of any deposition designated as "Confidential" unless that person is an authorized recipient of materials containing such information under the terms of this Order. A party may request the court reporter to mark the transcript or pages of the transcript "Confidential", and if so requested, the court reporter should do so. A party also may designate information disclosed at a deposition as "Confidential" by notifying the opposing counsel of record, in writing, as to the specific pages and lines of the deposition transcript which contain "Confidential" information, within thirty (30) days of receipt of the transcript of the deposition, understanding that this Order will not be violated by persons present during such testimony if the "Confidential" sections are designated retroactively. Nothing provided herein shall limit the ability of a party to use its own "Confidential" information at a deposition, or to use such designated information provided by the other party at a deposition of an employee or designated representative of the designating party.

Non-deponents may attend depositions pursuant to the Federal Rules of Civil Procedure or by agreement of the parties. However, unless such non-deponent is entitled to review material in accordance with this Order, the non-deponent must leave the room before any discussion of any material that the non-deponent is not entitled to review. The burden shall be on the party claiming "Confidential" material is being used to request such persons leave the room, and no sanction for violation of this Order shall be imposed for any violation of this paragraph absent such a request. For clarity's sake, this paragraph's provisions do not apply to court reporters or videographers.

     **5.** **<u>Restrictions on Use of "Confidential" Information.</u>** All "Confidential" information produced or provided in the course of this Litigation shall be used solely for the purposes of the prosecution, defense, settlement, or appeal of this Litigation, including preparing

for the trial, including pre-trial proceedings, of and/or the actual trial of this Litigation, and for **no other purposes whatsoever**, and shall not be disclosed except in accordance with the terms of this Order. "Confidential" information shall not be disclosed or made available to any person(s) other than those persons specified herein. Qualified persons who may have access to "Confidential" information shall include only the following persons:

    a.    the parties; counsel for the parties and their employees and/or independent contractors (including documents and records vendors, but not including testifying experts, consulting experts, or trial or jury consultants) working on this matter to whom such information is shown for purposes of this Litigation;

    b.    third parties retained by a party's counsel for the purposes of discovery in, preparation for the trial of, and the trial of this Litigation (including without limitation testifying experts, consulting experts, and trial and jury consultants), (and subject to the provisions of paragraph 9 below);

    c.    court reporters and their staff;

    d.    the Court and any person employed by the Court whose duties require access to such material; and

    e.    any other person who is designated a qualified person by Order of this Court or by agreement of the parties.

    **6.**    **Written Acknowledgements.**  Qualified persons to whom a party desires to provide "Confidential" information pursuant to paragraphs 7(a)(iii) or 7(b)(ii) shall not be provided such access unless and until all of the following has occurred:

    a.    the qualified person is provided with a copy of this Order; and

    b.    the qualified person signs a "Written Acknowledgement" stating:

> "The undersigned has read the Confidentiality Order entered in Macquarie Bank Limited v. LexMac Energy, LP, et al., Civil Action NO. 4:08-CV-00048-DLH-CSM; in the United States District Court of North Dakota, Northwestern Division, a copy of which is attached hereto. The undersigned agrees to abide by its terms and that, with respect to any material disclosed to the undersigned that has been specifically designated as Confidential and all information contained therein, the undersigned shall obey

5

>the terms of the Confidentiality Order and maintain such material in strict confidence and shall not disclose such material or information to any other person, or make use of such material or information, except in accordance with the terms of the Confidentiality Order.  The undersigned hereby submits to the jurisdiction of the United States District Court of North Dakota, for any proceeding relating to the undersigned's use of material designated as 'Confidential' and all information contained therein.  I understand that a violation of this undertaking could be punishable as a contempt of court."

A file shall be maintained by the attorneys of record for each party of all such Written Acknowledgments signed by persons to whom the party has disclosed protected information.  Within ten (10) business days of the final disposition of this Litigation, whether by judgment, settlement, or otherwise, including all appeals, each party that received "Confidential" or information shall provide to counsel for the applicable producing person a list of those persons to whom the receiving party disclosed "Confidential" information and a copy of the Written Acknowledgment signed by each such person.

It shall be the responsibility of any party providing information to a qualified person to notify the qualified person that he or she shall be bound by all the terms herein and to obtain the necessary Written Acknowledgement.  In addition, any party designating any person as a qualified person shall make every reasonable effort to see that such person observes the terms of this Order and shall be responsible to notify the Court upon learning of a violation of this Order, whether the violation was inadvert or intentional.  In giving such notice, the identity of the person who violated the Order may be protected pending the Court's action.

**7.** **Copies and Summaries.**  The parties shall not make copies, abstracts, extracts, analyses, summaries, or create other materials which contain, reflect or disclose the "Confidential"  information of another party to the Litigation, except for use in the Litigation as described herein.  Each such copy, abstract, extract, analysis, summary, and/or other material

which contains, reflects, or discloses "Confidential" information shall be handled in accordance with the provisions of this Order.  All copies of materials marked "Confidential" in accordance with this Order shall again be marked with the respective designation if the original marking was not reproduced in the duplicating process.

      **8.**    **Disclosure by Agreement or by Court Order.**  Disclosure beyond the terms of this Order is permitted if the party producing the "Confidential" information consents to disclosure or if the Court orders disclosure of the "Confidential" information.

      **9.**    **No Waiver of Rights.**  This Order shall not be deemed a waiver of: (i) any right to object to any discovery requests on any grounds; (ii) any right to seek an order compelling discovery with respect to any discovery request; (iii) any right at any proceeding in the Litigation to object to the admission of evidence on any ground; (iv) any right to challenge any other party's designation of particular in information as "Confidential" for the purpose of having the Court determine whether or not the information should be designated as "Confidential;" and/or (v) any right of a party to use its own documents with complete discretion.

      **10.**    **Use As Exhibits.**  If a party wishes to use "Confidential" information in or as an exhibit to any affidavit, brief, memorandum of law, deposition transcript or other paper filed with the Court in this Litigation (which includes any extraordinary writs or post-trial appeals), the party shall comply with the Court's EFC Policy, Art. XIV, Sealed Cases and Sealed Filings.

      **IT IS EXPRESSLY ORDERED** that this Confidentiality Order will not, in any manner, be disclosed to the jury in the above-styled and numbered cause.  **IT IS FURTHER ORDERED** that this Confidentiality Order will not be used, in any manner or form, direct or indirect, as evidence in any trial or any hearing, or referred to in any trial or any hearing on the merits of this case, save and except for a hearing which involves issues related to the enforcement of any

provision of this Confidentiality Order. **IT IS FURTHER ORDERED** that the "Confidential" legend required by this Confidentiality Order shall be removed from any document before it is offered into evidence at the trial of this cause. **IT IS FURTHER ORDERED** that this provision is absolutely and completely essential to this Confidentiality Order and that this paragraph is not severable from any remaining paragraph or provision of this Confidentiality Order. Before disclosing or making mention or referring directly or indirectly of this Protective Order or Court order or ruling related to it, the parties agree to do so only after taking up the issue outside of the presence of the jury.

11. **Maintenance of Protected Information.** At all times, the "Confidential" or information produced in this Litigation, and any copies thereof, will remain in the direct control of counsel of record for the non-producing party, except as provided in paragraphs 7 and 8 above.

12. **Disposition of Protected Information After the Litigation.** Within sixty (60) days after the entry of a final judgment in this Litigation, from which no further appeal or other review has been or can be taken, all documents and all copies of documents marked "Confidential" which were produced by any party and which are in the possession, custody, or control of another party, including material provided qualified persons by that party or its attorneys, and all compilations or extracts thereof shall be: (1) returned to the producing party, except as this Court otherwise may order; or (2) certified by counsel as having been destroyed.

13. **Request for Disclosure of Protected Information in Another Proceeding.** If any party is requested or required (by oral questions, interrogatories, requests for information or documents, subpoena, civil investigative demand, or other process or otherwise in connection with any investigation, proceeding or litigation) to disclose any "Confidential" or information

produced by another party to this Litigation, timely notice of any such request or requirement to allow its protection shall be provided to the party to the Litigation that originally produced the information at issue, unless otherwise provided by law.

14. **Remedies.** Any violation of this Order may be remedied through an independent action for damages resulting from the violation and may be submitted to the Court in this action for the assessment of sanctions and other action that the Court in its discretion may consider reasonable and appropriate.

15. **Duration.** This Order shall bind the parties as of the date of entry hereof and shall survive the termination of the Litigation, except that:

a. There shall be no restriction on documents used as exhibits in open Court (unless such exhibits were filed under seal); and

b. Any party may seek written permission from the producing party or an Order of the Court to dissolve or modify this Order.

SIGNED this 16th day of October, 2008.

>*/s/ Charles S. Miller, Jr.*
>Charles S. Miller, Jr.
>United States Magistrate Judge

APPROVED AS TO FORM:

*/s/Benjamin J. Hasbrouck*
Todd E. Zimmerman (#05459)
Benjamin J. Hasbrouck (#06107)
DORSEY & WHITNEY LLP
51B Broadway, Suite 402
PO Box 1344
Fargo, ND 58107-1344
(701) 235-6000

Shari L. Heyen (admitted pro hac vice)
Texas State Bar No. 09564750
GREENBERG TRAURIG, LLP
1000 Louisiana, Suite 1700
Houston, Texas 77002.
(713) 374-3500

ATTORNEYS FOR PLAINTIFF
MACQUARIE BANK LIMITED


*/s/David W. Elrod*
David W. Elrod, *admitted pro hac vice*
Texas Bar No. 06591900
delrod@elrodtrial.com
Worthy W. Walker, *admitted pro hac vice*
Texas Bar No. 24033308
wwalker@elrodtrial.com
ELROD, PLLC
500 N. Akard Street, Suite 3000
Dallas, TX 75201
(214) 855-5188
(214) 855-5183 (fax)

MACKOFF KELLOGG LAW FIRM
Paul F. Ebeltoft, (ID 03364)
46 West 2nd Street, P.O. Box 1097
Dickinson, ND  58602-1097
Telephone (701) 227-1841
Facsimile (701) 227-4739
Email:  pebeltoft@mackoff.com


ATTORNEYS FOR DEFENDANTS LEXMAC ENERGY, L.P., LEXAR ENERGY, INC., NOVUS OPERATING COMPANY, LP, and BRADLEY D. KNICKEL