**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Macquarie Bank Limited and | ) | |
| Macquarie Americas Corp., | ) | |
| | ) | |
| Plaintiffs and | ) | |
| Counter Defendants, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Bradley D. Knickel; LexMac Energy, L.P.; | ) | |
| Lexar Energy, Inc.; Novus Operating | ) | |
| Company, L.P.; KHL, Inc.; and | ) | |
| Mineral Land Services, Inc., | ) | Case No. 4:08-cv-048 |
| | ) | |
| Defendants, Counter | ) | |
| Claimants, and Third-Party | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Macquarie Barnett, LLC, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

___

Before the Court is the Counter Claimants and Third-Party Plaintiffs' "Motion for Leave to Amend Counterclaims" filed on January 7, 2011. See Docket No. 172. The Counter Defendant and Third-Party Defendant filed a response in opposition to the motion on January 24, 2011. See Docket No. 178. The Counter Claimants and Third-Party Plaintiffs filed a reply brief on February 3, 2011. See Docket No. 182. The Counter Defendant and Third-Party Defendant filed a sur-reply on February 9, 2011. See Docket No. 191. The Counter Claimants and Third-Party Plaintiffs filed a response to the sur-reply on February 16, 2011. See Docket No. 195. For the reasons stated below, the motion is granted in part and denied in part.

Also before the Court is the Counter Claimants and Third-Party Plaintiffs' "Motion for Leave to Designate Retained Industry Expert and Motion for Reconsideration on Court's December 17, 2010 Ruling on the Admissibility of the Sproule Report" filed on January 7, 2011. See Docket No. 174. The Counter Defendant and Third-Party Defendant filed a response in opposition to the motion on January 24, 2011. See Docket No. 179. The Counter Claimants and Third-Party Plaintiffs filed a reply brief on February 3, 2011. See Docket No. 183. For the reasons stated below, the motion is denied.

**I.     BACKGROUND**

Macaqurie Bank and Macquarie Barnett (collectively "Macquarie") were the original plaintiffs in this action. After the Court's Order of June 30, 2010, the only remaining claims are the defendants' counterclaims for misappropriation and misuse of confidential and proprietary information, conspiracy, breach of duty of good faith and fair dealing, and alter-ego. See Docket No. 137. Each of the remaining claims is premised on Macquarie's alleged misappropriation and misuse of confidential information.

On August 20, 2010, Lexar Energy, Inc., Novus Operating Company, LP, and LexMac Energy, L.P. (collectively "Lexar"), filed a "Motion to Determine Admissibility of Damages Testimony, and in the Alternative, Motion for Leave to Designate Non-Retained Testifying Experts." See Docket No. 148. On September 13, 2010 Macquarie filed a "Motion for Further Summary Judgment Ruling." See Docket No. 152. Oral argument on the motions was held in Bismarck, North Dakota on December 6, 2010. During that hearing, the Court made the following statement:

> Of course, aren't the recoverable damages primarily one of unjust enrichment? I know they didn't plead that and they haven't revealed that in their Rule 26 disclosures, but essentially, I mean, those are the damages that remain, are one of whether the bank – whether Macquarie Barnett was unjustly enriched as a result of acquiring this confidential information, if the jury concludes that they did acquire –

See Docket No. 179-1, p. 12. The Court also commented at the close of the hearing, "I see this as a case where there are some potentially recoverable damages in the form of unjust enrichment or how the plaintiff, Macquarie Bank, Macquarie Barnett, may have unjustly benefited from its actions." See Docket No. 179-1, p. 47. The Court also expressed its intention to "keep this case simple and condensed." See Docket No. 179-1, p. 49.

On December 17, 2010, the Court issued an order granting in part and denying in part Lexar's motion and denying Macquarie's motion. See Docket No. 171. In that order, the Court explained the measure of damages for the remaining claims, "In light of the remaining claims, the Court would note that the recoverable damages in this case will, as a general rule, be the amount of monies, if any, the Plaintiffs [Macquarie] were unjustly enriched or unjustly gained from their actions, and any other actual losses sustained by the Defendants." See Docket No. 171, p. 7. The Court commented further:

> Simply stated, the recoverable damages for the claims which remain in this litigation are essentially damages for unjust enrichment, or for the value of the benefits, profits, or advantages gained by Macquarie as a result of any misappropriation and misuse of confidential and proprietary information. Recoverable damages may also include any actual losses sustained by the injured party or parties.

See Docket No. 171, p. 11.

On January 7, 2011, Lexar filed a motion to amend the counterclaim. See Docket No. 172. Lexar seeks to make additions to the facts in its counterclaim, add references to the North Dakota Uniform Trade Secrets Act and Texas law, clarify the damages being sought for misappropriation

3

and misuse of confidential and trade secret information, and add claims for unjust enrichment and exemplary damages. See Docket Nos. 172 and 172-1. Lexar contends its proposed amendments are in keeping with the Court's December 17, 2010 order. Macquarie contends that justice does not require the Court to permit the proposed amendments so late in the litigation.

On January 7, 2011, Lexar also filed a motion for leave to designate an expert witness and for reconsideration of the portion of the Court's December 17, 2010 order that denied Lexar's motion to admit the report written by Sproule Associates Inc. ("the Sproule Report"). See Docket No. 174. Lexar contends that the Court's December 17, 2010 order "again changed the landscape of this case. . . ." See Docket No. 175. Lexar argues that an expert witness is necessary to testify concerning damages. Lexar also contends that the Sproule Report is relevant to the types of damages the Court described in its December 17, 2010 order. Macquarie contends that the deadline to disclose an expert witness was July 1, 2009, and that justice does not require an exception to that deadline. Macquarie also contends that the Court properly excluded the Sproule Report. In essence, Lexar seeks leave to (1) add a claim for unjust enrichment, (2) add a claim for exemplary damages, and (3) to clarify and add specificity to their remaining counterclaims.

## II.  LEGAL DISCUSSION

### A.  MOTION FOR LEAVE TO AMEND THE COUNTERCLAIM

Rule 15(a) of the Federal Rules of Civil Procedure states that a party can amend a pleading with leave of the Court, and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A motion for leave to amend a pleading can be denied "where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure

4

deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Moses.com Sec., Inc. v. Comprehensive Software Sys., 406 F.3d 1052, 1065 (8th Cir. 2005) (quoting Hammer v. City of Osage Beach, Mo., 318 F.3d 832, 844 (8th Cir. 2003)) (internal quotes omitted).

### 1) **RECITATION OF FACTS**

Lexar proposes a number of clarifications of the recitation of facts in its counterclaim. The Court has reviewed the proposed amendments and concludes that Lexar does not seek to add any significant facts or issues that have not already been disclosed by the evidence before the Court. The Court finds that Macquarie would not be unduly prejudiced by these clarifications of the counterclaim.

### 2) **MISAPPROPRIATION AND MISUSE OF CONFIDENTIAL AND TRADE SECRET INFORMATION**

Lexar seeks to add a sentence to its counterclaim for misappropriation and misuse of confidential and trade secret information explaining that "Counter-Plaintiffs plead a claim under the North Dakota Uniform Trade Secrets Act and Texas law." See Docket No. 172-1, p. 14. The Court concluded in its June 30, 2010 order that the Credit Agreement between the parties is governed by Texas law. See Docket No. 137, p. 23. The Court also held that the information in question is a trade secret under both Texas and North Dakota law. See Docket No. 137, pp. 30-32. However, this case was originally brought in state district court in McKenzie County, North Dakota, and was removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446. See Docket Nos. 1 and 1-2. The Eighth Circuit Court of Appeals has explained that when a federal court sits in diversity jurisdiction,

it applies the substantive law of the forum state. <u>Bank of Am., N.A. v. UMB Fin. Servs.</u>, 618 F.3d 906, 911 (8th Cir. 2010) (citing <u>Cicle v. Chase Bank USA</u>, 583 F.3d 549, 553 (8th Cir. 2009)). Accordingly, this Court will apply North Dakota substantive law to Lexar's counterclaim for misappropriation and misuse of confidential and trade secret information. Lexar will not be allowed to amend the counterclaim to add a reference to Texas law.

Lexar seeks to add the following paragraphs regarding damages on their claim for misappropriation and misuse of confidential and trade secret information:

> 62.   Counter-Plaintiffs have been damaged by these actions on the part of Macquarie Bank and Macquarie Barnett and seek damages caused by their actual loss. In addition, Macquarie Bank and Macquarie Barnett were unjustly enriched by their actions. Counter-Plaintiffs seek damages for the (a) value of their confidential information and trade secrets, (b) the benefits received by and value gained by Macquarie Bank and/or Macquarie Barnett through the misappropriation and use of the confidential information and trade secrets including unjust enrichment and/or (c) a reasonable royalty for the confidential information and trade secrets.
>
> 63.   Furthermore, the misappropriation by Macquarie Bank and/or Macquarie Barnett was willful and malicious.

<u>See</u> Docket No. 172-1, pp. 14-15. Lexar also seeks to add the following paragraph regarding its claim for attorney's fees.

> 85.   Counter-Plaintiffs specifically plead the recovery of such fees under the North Dakota Uniform Trade Secrets Act, N.D.C.C. § 47-25.1-04, as the actions of misappropriation by Macquarie Bank and Macquarie Barnett were willful and malicious.

<u>See</u> Docket No. 172-1, p. 18.

North Dakota's Uniform Trade Secrets Act provides for damages as follows:

> 1.   Except to the extent that a material and prejudicial change of position prior to acquiring knowledge or reason to know of misappropriation renders a monetary recovery inequitable, a complainant is entitled to recover damages for misappropriation. Damages can include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that

> is not taken into account in computing actual loss. In lieu of damages measured by any other method, the damages caused by misappropriation may be measured by imposition of liability for a reasonable royalty for a misappropriator's unauthorized disclosure or use of a trade secret.
>
> 2. If willful and malicious misappropriation exists, the court may award exemplary damages in an amount not exceeding twice any award made under subsection 1.

N.D.C.C. § 47-25.1-03. With respect to the issue of attorney's fees, the Uniform Trade Secrets Act states, "If a claim of misappropriation is made in bad faith, a motion to terminate an injunction is made or resisted in bad faith, or willful and malicious misappropriation exists, the court may award reasonable attorney's fees to the prevailing party." N.D.C.C. § 47-25.1-04.

Lexar's proposed amendment concerning a request for attorney's fees under the North Dakota Uniform Trade Secrets Act will be allowed although such a specific request need not be asserted in a complaint or counterclaim. Under N.D.C.C. § 47-25.1-03, it is <u>the Court in its discretion who may award exemplary damages, not the jury as the trier of fact</u>. There is no need under the Uniform Trade Secrets Act to specifically plead a right to the recovery of attorney's fees. The Court finds that Macquarie will not be unduly prejudiced by merely allowing Lexar to clarify its request for damages for the misappropriation and misuse of confidential and trade secret information.

### 3) UNJUST ENRICHMENT AND EXEMPLARY DAMAGES

Lexar also seeks to amend the counterclaim to add separate claims for unjust enrichment and exemplary damages. The Court stated during oral arguments on December 6, 2010:

> There was some references in the pleadings to the recovery of punitive damages as well under those surviving claims. There wasn't a motion made to amend to seek punitive damages, so I don't see that punitives are really an element

> of this case, and I'm – even though we've got four or five months before the trial, I'm not convinced I'm going to reopen this case and allow everybody to amend what they choose to amend and respond the way they choose to respond with those new amendments. I'm not going to do that . . . .

See Docket No. 179-1, p. 48. According to the Uniform Trade Secrets Act, unjust enrichment may be an element of recoverable damages for misappropriation of a trade secret. N.D.C.C. § 47-25.1-03(1). The Court will allow Lexar to amend the counterclaim to clarify that it is requesting such damages. However, the addition of an entirely new count for unjust enrichment will not be permitted and is unduly prejudicial to Macquarie. There is nothing in the Court's order of December 17, 2010 which would necessitate the addition of a last-minute claim or cause of action for unjust enrichment. Lexar will not be allowed to amend the counterclaim to include a separate claim or cause of action for unjust enrichment. Unjust enrichment may be an element of recoverable damages under the Uniform Trade Secrets Act but it is not a new and separate cause of action which will be allowed in this case.

As previously noted, the Uniform Trade Secrets Act provides that the court may award exemplary damages upon a showing of "willful and malicious misappropriation." N.D.C.C. § 47-25.1-03(2). Exemplary damages only becomes an issue if (1) Lexar prevails on its claims under North Dakota's Uniform Trade Secrets Act relating to the misappropriation and misuse of confidential or trade secret information, (2) the evidence demonstrates to the court that willful and malicious misappropriation exists, and (3) the court in its discretion concludes that an award of attorney's fees is warranted and appropriate. Any motion to amend the counterclaim to add a claim for punitive or exemplary damages as to other remaining claims or causes of action in accordance with N.D.C.C. § 32-03.2-11 is untimely. Accordingly, Lexar will not be allowed to amend the counterclaim at this late stage to add a separate claim for the recovery of exemplary damages as it

relates to the other remaining claims, i.e., conspiracy, breach of good faith and fair dealing, and alter-ego.

### B.   MOTION FOR LEAVE TO DESIGNATE EXPERT

Lexar seeks leave to designate an expert to testify "regarding value of the information that was misappropriated, the benefit of the misappropriated information to Macquarie and, in the alternative, what Macquarie should have paid at the time of the misappropriation as a reasonably royalty for its use." See Docket No. 174.  Supplemental expert disclosures were due on July 1, 2009.  See Docket No. 70.  The Court, in its discretion, will not allow any new expert witnesses to be designated at this late stage of the litigation.  Lexar's motion for leave to designate a new expert witness is denied.

### C.   MOTION FOR RECONSIDERATION

Lexar also requests that the Court reconsider its December 17, 2010 order excluding the Sproule Report.  "The Federal Rules of Civil Procedure do not mention motions for reconsideration."  Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999).  Therefore, courts are "frequently put in the difficult position of deciding whether a 'motion for reconsideration' is in fact a Rule 59(e) 'Motion to Alter or Amend a Judgment,' or a Rule 60(b) 'Motion for Relief from Judgment or Order.'"  Id.  The Eighth Circuit has instructed that when such a motion is directed at a non-final order, as is the case here, it should be construed as a Rule 60(b) motion.

The Eighth Circuit Court of Appeals has held that Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances."  United

States v. Young, 806 F.2d 805, 806 (8th Cir. 1987). A district court has "wide discretion" in ruling on a Rule 60(b) motion. Sellers v. Mineta, 350 F.3d 706, 716 (8th Cir. 2003). Rule 60(b) "authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like)." Broadway, 193 F.3d at 990. "It is not a vehicle for reargument on the merits." Id. (denying relief under Rule 60(b) when the movant "did nothing more than reargue, somewhat more fully, the merits of their claim . . . ."). The Court has carefully reviewed Lexar's motion and the Court's December 17, 2010 order and finds that there is no justification for granting a Rule 60(b) motion for relief from judgment or order. Lexar's motion for reconsideration of the Court's December 17, 2010 order is denied.

### III.   CONCLUSION

The Court has carefully considered the parties' briefs, the entire record, and relevant case law. The Court **GRANTS IN PART AND DENIES IN PART** Lexar's "Motion for Leave to Amend Counterclaims" (Docket No. 172). The Lexar entities are **ORDERED** to file a second amended counterclaim that comports with this order within seven (7) days of the filing of this order. The Macquarie entities are **ORDERED** to file an answer to the second amended counterclaim within seven (7) days after it is filed. The Court **DENIES** Lexar's "Motion for Leave to Designate

Retained Industry Expert and Motion for Reconsideration on Court's December 17, 2010 Ruling on the Admissibility of the Sproule Report" (Docket No. 174).

**IT IS SO ORDERED.**

Dated this 15th day of March, 2011.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court
