IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Macquarie Bank Limited and Macquarie Americas Corp., | ) ) ) | |
| Plaintiffs and Counter Defendants, | ) ) ) ) | **ORDER** |
| vs. | ) ) | |
| Bradley D. Knickel; LexMac Energy, L.P.; Lexar Energy, Inc.; Novus Operating Company, L.P.; KHL, Inc.; and Mineral Land Services, Inc., | ) ) ) ) ) | |
| Defendants, Counter Claimants, and Third-Party Plaintiffs, | ) ) ) ) | |
| vs. | ) ) | Case No. 4:08-cv-048 |
| Macquarie Barnett, LLC, | ) ) | |
| Third-Party Defendant. | ) | |

The court held a scheduling conference with the parties on December 16, 2011, by telephone. Attorneys Benjamin Hasbrouck and Todd Zimmerman behalf of plaintiffs and third-party defendant. Attorneys David Elrod and Leane Medford appeared on defendants' behalf.

**IT IS ORDERED:**

1. The parties shall have until **April 16, 2012**, to complete fact discovery on the issue of liability and to file discovery motions.

2. The parties shall provide the names of expert witnesses and complete reports under Rule 26(a)(2) as follows:

1

A. The parties shall have until **March 16, 2012**, to disclose their liability experts.

B. The parties shall have until **May 16, 2012**, to disclose their rebuttal experts.

3. The trial on the issue of liability shall be scheduled for **July 23, 2012, at 9:30 a.m.** in Bismarck before Judge Hovland. At this time it is contemplated that the trial on liability will take less than five days and that the trial on damages will be separate and will be scheduled after completion of the trial on liability if it is needed. Counsel have been instructed, however, to keep their calenders open for the next week pending resolution of an anticipated motion requesting that the trial on damages follow immediately after the trial on liability and before the same jury.

4. At this time, unless the parties otherwise agree amongst themselves, discovery shall be confined to liability. Following the trial on liability, the court will permit some additional time for damage discovery and disclosure of expert witness testimony on damages. The court may revisit this ruling if the court decides to try the issues of damages immediately upon conclusion of the trial on liability.

5. A final pretrial conference will be held before the magistrate judge on **July 10, 2012, at 1:30 p.m.** The conference will be conducted via telephone conference call to be initiated by the court. Within two (2) days of the Final Pretrial Conference, counsel shall e-mail the following documents to ndd_J-Miller@ndd.uscourts.gov in "Wordperfect" or "Word" format:

(1) a list of witnesses for each party;

(2) an exhibit list for each party; and

(3) each party's expert reports.

The parties must number the exhibits consecutively, with each party using separate numbers with sufficient gaps for unanticipated or rebuttal exhibits (e.g., the plaintiff using numbers P1-P20 and the defendant using numbers D50-D70). The exhibits shall be listed in the form of the Exhibit List posted on the court's website (http://www.ndd.uscourts.gov/forms.html). For each listed exhibit, counsel shall determine whether they will stipulate to admissibility for all purposes or at least waive foundation for the opposing party's exhibits. The court strongly encourages such agreement and expects counsel to waive foundation unless there is a strong, specific objection to a particular exhibit. Any stipulation to admissibility or waiver of foundation shall be indicated in the appropriate column on the exhibit list. Failure to list an exhibit required by this order to be listed or to disclose such exhibit to adverse counsel will result, except upon a showing of good cause, in the nonadmissibility of the exhibit into evidence at the trial. Each party shall make its exhibits available for inspection by other parties prior to the pretrial conference.

6. Motions in limine shall be filed thirty (30) days prior to trial.

7. Counsel _may_ file a trial memorandum to discuss unresolved legal issues and any evidentiary or procedural problems that expect to arise. Trial memoranda shall be filed seven (7) days prior to trial.

8. Each party must serve and file requested jury instructions and a proposed verdict form at least seven (7) days prior to the commencement of trial. Each party must also submit the instructions to chambers via e-mail to ndd_J-Hovland@ndd.uscourts.gov

or provide chambers with copy of the proposed instructions on CD. A party may present additional requests for instructions relating to issues arising during the trial at any time prior to argument.

All requests for instructions must be plainly marked with the number of the case and must designate the party submitting the request. Each requested instruction must be numbered and written on a separate page, together with a citation of authorities supporting the proposition of law stated in the instruction. A party requesting an Eighth Circuit or North Dakota pattern instruction need only designate the pattern jury instruction number and name, unless the pattern instruction is modified. If the pattern instruction is modified, the entire instruction must be submitted and must be clearly identified as modified.

9. At least fourteen (14) days before trial the offering party shall file and serve a designation of those portions of any depositions which <u>will</u> be presented at trial. The other parties shall have until seven (7) days before trial to designate additional portions of any deposition appearing on the offering party's list. Any party who objects to admissibility of deposition testimony to be offered shall have until four (4) days prior to trial to file a list of objections it intends to preserve. All other objections will be deemed waived.

As to any deposition which <u>may</u> be used only if the need arises (other than solely for impeachment purposes), the offering party shall notify the court and other parties at least forty-eight (48) hours in advance that it <u>will</u> be offering the deposition at trial, and identify the portions to be offered. The other parties shall then have

twenty-four (24) hours to identify additional portions and to preserve any objections to admissibility of the deposition testimony. Objections not specifically preserved will be deemed waived.

Dated this 16th day of December, 2012.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court