# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Macquarie Bank Limited and<br>Macquarie Americas Corp., | )<br>) | |
| | ) | |
|       Plaintiffs and<br>      Counter Defendants, | )<br>) | |
| | ) | |
|   vs. | ) | |
| | ) | **ORDER DENYING** |
| Bradley D. Knickel; LexMac Energy, L.P.;<br>Lexar Energy, Inc.; Novus Operating<br>Company, L.P.; KHL, Inc.; and<br>Mineral Land Services, Inc., | )<br>)<br>)<br>) | **MOTION TO STRIKE JURY DEMAND**<br><br>Case No. 4:08-cv-048 |
| | ) | |
|       Defendants, Counter<br>      Claimants, and Third-Party<br>      Plaintiffs, | )<br>)<br>) | |
| | ) | |
|   vs. | ) | |
| | ) | |
| Macquarie Barnett, LLC, | ) | |
| | ) | |
|       Third-Party Defendant. | ) | |

_____

Before the Court is Macquarie Bank Limited and Macquarie Barnett, LLC's "Motion to Strike Jury Demand of LexMac Energy and Novus Operating Company" filed on September 19, 2012. See Docket No. 249. LexMac Energy and Novus Operating Company filed a joint brief in opposition to the motion on October 2, 2012. See Docket No. 257. The Court denies the motion.

More than four-years after the first jury demand, and after this matter has on multiple occasions been set for a jury trial, Macquarie Bank and Macquarie Barnett present this motion to strike LexMac Energy and Novus Operating's jury demand. The Macquarie entities contend those

parties have contractually waived their right to a jury trial. Macquarie presents the motion merely a month before the jury trial scheduled to commence on October 22, 2012. See Docket No. 246.

The right to a civil jury trial is set forth in the Seventh Amendment to the United States Constitution. "[A]s the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver." Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 393 (1937). In RDO Financial Services Co. v. Powell, 191 F.Supp.2d 811, 814 (N.D.Tex. 2002), the district court denied a motion to quash a jury demand when the moving party had already stipulated to a jury trial and had provided no justification for delay in asserting the contractual jury waiver provision. The district court held that there was "no justification for [the movant's] delay in asserting its waiver position," and that it had therefore "acted inconsistently with enforcement of the jury waiver provision." Id. Further, the court stated that "[s]ince courts will indulge every reasonable presumption against a waiver of a litigant's fundamental constitutional right to a jury," the moving party's conduct "relinquished its right to enforce the jury waiver." Id.

Macquarie's actions in this matter warrant the same result. Macquarie essentially consented to the Court setting this matter for a jury trial on seven (7) occasions over the course of four years, without filing any objection or otherwise seeking to invoke any contractual jury waiver. In addition to Macquarie's lack of objection as documented in LexMac Energy and Novus Operating's response, Macquarie's position throughout this litigation has been inconsistent with its motion to strike the jury demand. See Docket No. 257. Macquarie offers no reasonable explanation for the delay in seeking to strike the jury demand.

In the exercise of its broad discretion, the Court denies the motion to strike the jury demand. See Docket No. 249. Suffice it to say that (1) there is a reasonable presumption against the waiver

2

of a jury trial; (2) there is no reasonable justification for the delay in asserting a waiver of the right to a jury trial; and (3) Macquarie has acted in a manner wholly inconsistent with the enforcement of the jury waiver provisions at issue. The Court adopts and incorporates by reference into this order the facts and legal arguments supportive of a denial of the motion to strike as outlined in LexMac Energy and Novus Operating Company's responsive brief. <u>See</u> Docket No. 257.

**IT IS SO ORDERED.**

Dated this 10th day of October, 2012.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court