**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| LexMac Energy, L.P.; | ) | |
| Lexar Energy, Inc.; and | ) | |
| Novus Operating Company, L.P., | ) | |
| | ) | **ORDER GRANTING DEFENDANTS'** |
| Plaintiffs, | ) | **MOTION TO RECONSIDER** |
| | ) | **STRIKING JURY DEMAND** |
| vs. | ) | |
| | ) | |
| Macquarie Bank Limited and | ) | Case No. 4:08-cv-048 |
| Macquarie Barnett, LLC, | ) | |
| | ) | |
| Defendants, | ) | |

_____

Before the Court is Macquarie Bank Limited and Macquarie Barnett, LLC's (referred to as

"Macquarie") motion to reconsider filed on October 10, 2012. See Docket No. 266. Macquarie

requests the Court reconsider its decision to deny the motion to strike the jury demand filed on

September 19, 2012. See Docket No. 249. In Macquarie's motion to strike the jury demand, it

contends that LexMac Energy, L.P. and Novus Operating Company, L.P. agreed to waive their right

to a jury trial in two contracts. The motion was filed approximately four weeks prior to the trial

scheduled to commence on October 21, 2012. On October 10, 2012, the Court denied the motion

to strike reasoning (1) there is a reasonable presumption against the waiver of a jury trial; (2)

Macquarie had not previously objected to a jury trial and there was no reasonable justification for

the delay in asserting the waiver weeks prior to the scheduled jury trial; and (3) the record revealed

that Macquarie acted in a manner inconsistent with the enforcement of the jury waiver provisions at

issue. See Docket No. 263.

As noted above, the jury trial was scheduled to commence on October 21, 2012. The final

pretrial conference was held on October 16, 2012. See Docket No. 277. Based on the parties'

discussions at the conference, the Court cancelled the trial and concluded the five (5) days scheduled for the trial was insufficient time to try the case. See Docket No. 278. The trial has not been rescheduled. The Court anticipates the earliest trial date will be in April or May, 2013.

A significant factor in the Court's decision to deny Macquarie's motion to strike the jury demand was the timeliness of the motion. As outlined above, Macquarie did not file the motion until the eve of the scheduled trial. However, as it now stands with the next available trial date months away, this concern has been significantly abated. Under the circumstances, the Court finds it appropriate to reconsider its prior decision to deny Macquarie's motion to strike the jury demand.

As outlined in the Court's Order dated October 10, 2012, the right to a jury trial in a civil case is set forth in the Seventh Amendment to the United States Constitution. "The question of a waiver of a constitutional right, including the Seventh Amendment right to a jury trial, is a federal question controlled by federal law." Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 222 (3d Cir. 2007) (original citation omitted). "[A]s the right of [the] jury trial is fundamental, courts indulge every reasonable presumption against waiver." Aetna Ins. Co. v. Kennedy to Use of Bogash, 301 U.S. 389, 393 (1937). Nevertheless, as with other constitutional rights, the United States Supreme Court has recognized that a party may waive the right to jury trial in a civil matter on the proper showing of knowing and voluntary consent. Commodity Futures Trading Comm'n v. Schor, 478 U.S. 833, 848-49 (1986) (citing Fed.R.Civ.P. 38(d)); see Brookhart v. Janis, 384 U.S. 1, 4 (1966) (stating that for a waiver of constitutional right "to be effective it must be clearly established that there was 'an intentional relinquishment or abandonment of a known right or privilege.'") (original citation omitted).

Macquarie contends that LexMac and Novus Operating executed clear jury waivers in two separate agreements. The Credit Agreement contains a "Waiver of Jury Trial" at Section 12.7 which provides as follows:

> EACH OF BORROWER AND LENDER KNOWINGLY, VOLUNTARILY, INTENTIONALLY, AND IRREVOCABLY (A) WAIVES, TO THE MAXIMUM EXTENT NOT PROHIBITED BY LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED ON THIS AGREEMENT, OR DIRECTLY OR INDIRECTLY AT ANY TIME ARISING OUT OF, UNDER OR IN CONNECTION WITH THE LOAN DOCUMENTS OR ANY TRANSACTION CONTEMPLATED OR ASSOCIATED WITH ANY OF THEM, BEFORE OR AFTER MATURITY . . . .

See Docket No. 105-2, p. 84. In addition, the Mortgage has a similar jury trial waiver at Section 9.13 which provides as follows:

> TO THE MAXIMUM EXTENT NOT PROHIBITED BY LAW, EACH OF THE UNDERSIGNED HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES ANY RIGHT WHICH IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION DIRECTLY OR INDIRECTLY AT ANY TIME ARISING OUT OF, UNDER OR IN CONNECTION WITH THE TERM NOTE, THIS AGREEMENT OR THE OTHER SECURITY DOCUMENTS, OR ANY TRANSACTION CONTEMPLATED THEREBY, BEFORE OR AFTER MATURITY.

See Docket No. 105-3, p. 30.

The two agreements contain broad waivers of any right to a jury trial. It is clear and undisputed that each agreement was entered into by LexMac, Novus Operating, and Macquarie Bank. See Docket Nos. 105-2, p. 1; and 105-3, p. 1. Neither LexMac nor Novus Operating contend they entered into the agreements without knowledge or involuntarily. Rather, the companies essentially contend Macquarie Bank should not be permitted to enforce the contractual jury waivers because it failed to object to the previously scheduled jury trials and its conduct has been inconsistent with enforcement of the contractual provisions. See Docket No. 257. The record before the Court

reveals Macquarie preserved the issue of jury waiver early in the litigation. The parties agreed the

issue of jury trial waiver was preserved for a later determination of the Court in their Rule 26(f)

conference. The Court issued an Order on June 23, 2008, which provides as follows:

> The Defendants have requested a jury. The Plaintiff asserts that Defendants' waiver
> of jury trial is enforceable, which is disputed. This issue is preserved for all parties
> for a later determination by the Court.

See Docket No. 14, p. 3.

More important, with this matter to be set for trial several months into the future, the Court

clearly has the discretion to grant the motion to strike and the parties have more than sufficient time

to prepare for a bench trial on some or all of the issues. Courts have enforced jury waivers much

closer to the scheduled commencement of trial. In Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d

212 (3d Cir. 2007), the defendant moved to strike the plaintiff's jury demand six weeks before the

scheduled trial date. The Third Circuit Court of Appeals held the defendants had not committed

inexcusable delay, as the motion was filed in accordance with Rule 39 of the Federal Rules of Civil

Procedure which provides no deadline to determine whether there is a right to a jury trial on some

or all issues. Id. Rule 39 provides in relevant part that a "trial on all issues so demanded must be

by jury unless: *** (2) the court, on motion or on its own, finds that on some or all of those issues

there is no federal right to a jury trial." Fed.R.Civ.P. 39(a)(2). The general rule is that "a court has

the discretion to permit a motion to strike a jury demand at any time, even on the eve of trial." 8

James Wm. Moore et al., Moore's Federal Practice § 39.13[2][c] (3d ed. 2007) (footnote omitted).

The Court has carefully reviewed the entire record, the parties' filings, and relevant case law.

The record before the Court clearly reveals that LexMac and Novus Operating knowingly and

voluntarily waived their right to a jury trial in two separate agreements. Further, with the

4

cancellation of the trial on October 21, 2012, the parties have sufficient time to prepare for a bench

trial on the issues presented. The Court **GRANTS** Macquarie's motion to reconsider (Docket No.

266); and **GRANTS** Macquarie's motion to strike LexMac and Novus Operating's jury demand

(Docket No. 249).

      **IT IS SO ORDERED.**

      Dated this 8th day of November, 2012.

                                  */s/ Daniel L. Hovland*
                                  Daniel L. Hovland, District Judge
                                  United States District Court